# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. BOOTH, | 1:08-cv-01134-SMS (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY AND EVIDENTIARY HEARING, WITHOUT PREJUDICE |
| v. | |
| ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, et.al., | [Doc. 9] |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on August 5, 2008. On August 15, 2008, the Court directed Respondent to file a response to the petition, and an answer is currently due on or before November 13, 2008. (Court Doc. 5.)

On September 3, 2008, Petitioner filed a motion for discovery and request for an evidentiary hearing on the ground that the prosecution failed to disclosure certain items in violation of Brady v. Maryland, 373 U.S. 83 (1963). (Court Doc. 9.) Respondent filed an opposition on September 15, 2008, and Petitioner filed a reply on September 26, 2008. (Court Docs. 13, 16.)

Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood,

1

1  114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.  Good cause
2  is shown "where specific allegations before the court show reason to believe that the petitioner
3  may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."
4  Bracy v. Gramley, 520 U.S. at 908-09 (citing Harris v. Nelson, 394 U.S. 287 (1969).  Discovery
5  will not be allowed so that the petition can "explore [his] case in search of its existence," looking
6  for new constitutional claims.  See Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999).  If
7  good cause is shown, the extent and scope of discovery is within the court's discretion.  See
8  Habeas Rule 6(a).  The Court's duty in a habeas proceeding is to determine whether or not
9  petitioner's constitutional rights were violated in the course of the conviction.

10       As Respondent correctly submits, Petitioner's motion is premature.  Respondent indicates
11  that he has requested but not yet received a copy of the petition filed in the Madera county
12  Superior Court, which, may assist in evaluating this claim.  Because the Court has yet to review
13  the merits underlying Petitioner's claims, Petitioner's motion is premature.  For the same reason,
14  the Court cannot determine whether Petitioner has shown good cause for the discovery.  Indeed,
15  discovery cannot be granted in a vacuum; rather, the information sought must be relevant to a
16  determination of the merits of the petition.  As this juncture, the Court simply cannot make that
17  determination, and upon a review o the merits of the petition, should the Court determine that
18  discovery is necessary it will so order.

19       Rule 8(a) provides that where a petition is not dismissed at a previous stage in the
20  proceeding, the judge, after the answer and transcripts and record of the state court proceedings
21  are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is
22  required.  The purpose of an evidentiary hearing is to resolve the merits of a factual dispute.  An
23  evidentiary hearing on a claim is required where it is clear from the petition that:  (1) the
24  allegations, if established, would entitle the petitioner to relief;  and (2) the state court trier of
25  fact has not reliably found the relevant facts.  See, Hendricks v. Vasquez, 974 F.2d 1099, 1103
26  (9th Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, Townsend v. Sain
27  372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct.
28  1715 (1993)), such a hearing is unnecessary when only issues of law are raised.  Id.

1    The purpose of an evidentiary hearing is to resolve the merits of a *factual* dispute.  In the
2 instant case, the Court has yet to review the instant petition and until a thorough review of the
3 merits of Petitioner's claims, it cannot be determined that a factual dispute necessitating an
4 evidentiary hearing is present.  Following a thorough review of the merits of the petition, the
5 Court will sua sponte issue an order for an evidentiary hearing should it find one necessary.
6    Accordingly, the Petitioner's motion for discovery and request for an evidentiary hearing
7 is DENIED, without prejudice.

9 IT IS SO ORDERED.

10 **Dated:     October 10, 2008**                           /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE